SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF WESTCHESTER
------------------------------------------------------------------X
E.C., an infant by his mother and natural guardian MABEL
VASQUEZ, and MABEL VASQUEZ, individually,

                Plaintiff(s),

Index No.: 58747/2024
Date Filed: 03/15/2024

-against-

**SUMMONS**

NEW YORK PRESBYTERIAN HUDSON VALLEY
HOSPITAL, SAMFEE DOE, M.D., THERESA WANG,
CNM, AMANDA CARELLO, RN, SHIRAH SUERO, RN,
and SUN RIVER HEALTH,
                Defendant(s).
------------------------------------------------------------------X

### To The Above Named Defendant(s):

**You are hereby summoned** to answer the complaint in this action, and to serve a copy of your answer, or if the complaint is not served with this summons, to serve a notice of appearance on the plaintiff's attorney(s) within twenty days after the services of this summons exclusive of the day of service, where service is made by delivery upon you personally within the state, or within thirty days after completion of service where service is made in any other manner. In case of your failure to appear or answer, judgment will be taken against you by default for the relief demanded in the complaint.

The basis of venue is defendant's address.

Dated: New York, New York
       March 14, 2024

                              Yours, etc.,

                              *Michael B. Ronemus*
                              Michael B. Ronemus
                              RONEMUS & VILENSKY
                              Attorneys for Plaintiff(s)
                              112 Madison Avenue, 2nd Floor
                              New York, New York 10016
                              (212) 779-7070

To:
NEW YORK PRESBYTERIAN HUDSON VALLEY HOSPITAL
1980 Crompond Road,
Cortlandt Manor NY 10567

SAMFEE DOE, M.D
c/o Hudson Valley Hospital,
1980 Crompond Rd,
Cortlandt Manor, NY10567

SAMFEE DOE, M.D. (office)
1978 Crompond Road, Ste 102
Cortlandt Manor, NY 10567

THERESA WANG, CNM
c/o Hudson Valley Hospital,
1980 Crompond Rd,
Cortlandt Manor, NY10567

c/o Sun River Health
1037 Main Street,
Peekskill, NY 10566

AMANDA CARELLO, RN
c/o Hudson Valley Hospital,
1980 Crompond Rd,
Cortlandt Manor, NY10567

SHIRAH SUERO, RN
c/o Hudson Valley Hospital,
1980 Crompond Rd,
Cortlandt Manor, NY10567

SUN RIVER HEALTH,
1037 Main Street,
Peekskill, NY 10566

FILED: WESTCHESTER COUNTY CLERK 03/15/2024 12:28 PM        INDEX NO. 58747/2024
NYSCEF DOC. NO. 1                                           RECEIVED NYSCEF: 03/15/2024

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF WESTCHESTER
------------------------------------------------------------------X
E.C., an infant by his mother and natural guardian MABEL
VASQUEZ, and MABEL VASQUEZ, individually,

                            Plaintiff(s),

Index No.: 58747/2024
Date Filed: 03/15/2024

-against-

**VERIFIED COMPLAINT**

NEW YORK PRESBYTERIAN HUDSON VALLEY
HOSPITAL, SAMFEE DOE, M.D., THERESA WANG,
CNM, AMANDA CARELLO, RN, SHIRAH SUERO, RN,
and SUN RIVER HEALTH,

                            Defendant(s).
------------------------------------------------------------------X

        Plaintiff, by her attorneys RONEMUS & VILENSKY, complaining of the defendants herein, respectfully shows to the Court, and allege as follows:

### AS AND FOR A FIRST CAUSE OF ACTION

1. That this action falls within one or more of the exemptions set forth in CPLR §1602.

2. That at all times herein mentioned, defendant NEW YORK PRESBYTERIAN HUDSON VALLEY HOSPITAL was a hospital center in the business of supplying medical services.

3. That at all times herein mentioned, defendant SUN RIVER HEALTH was a medical center in the business of supplying medical services.

4. That at all times herein mentioned, defendant SAMFEE DOE, M.D. was a physician duly licensed to practice medicine in the State of New York.

5. That at all times herein mentioned, defendant THERESA WANG, CNM was a certified nurse midwife licensed to practice midwifery in the State of New York.

6. That at all times herein mentioned, defendant AMANDA CARELLO, RN was a registered nurse licensed to practice nursing in the State of New York.

7. That at all times herein mentioned, defendant SHIRAH SUERO, RN was a registered nurse licensed to practice nursing in the State of New York.

8. That at all times herein mentioned defendant SAMFEE DOE, M.D. was an employee, servant, and/or agent of co-defendant NEW YORK PRESBYTERIAN HUDSON VALLEY HOSPITAL.

9. That at all times herein mentioned defendant THERESA WANG, CNM was an employee, servant, and/or agent of co-defendant NEW YORK PRESBYTERIAN HUDSON VALLEY HOSPITAL.

10. That at all times herein mentioned defendant AMANDA CARELLO, RN was an employee, servant, and/or agent of co-defendant NEW YORK PRESBYTERIAN HUDSON VALLEY HOSPITAL.

11. That at all times herein mentioned defendant SHIRAH SUERO, RN was an employee, servant, and/or agent of co-defendant NEW YORK PRESBYTERIAN HUDSON VALLEY HOSPITAL.

12. That at all times herein mentioned defendant SAMFEE DOE, M.D. was an employee, servant, and/or agent of co-defendant SUN RIVER HEALTH.

13. That at all times herein mentioned defendant THERESA WANG, CNM was an employee, servant, and/or agent of co-defendant SUN RIVER HEALTH.

14. That at all times herein mentioned defendant AMANDA CARELLO, RN was an employee, servant, and/or agent of co-defendant SUN RIVER HEALTH.

15. That at all times herein mentioned defendant SHIRAH SUERO, RN was an employee, servant, and/or agent of co-defendant SUN RIVER HEALTH.

16. That at all times herein mentioned, defendant SAMFEE DOE, M.D. rendered medical care to the infant plaintiff E.C.

17. That at all times herein mentioned, defendant SAMFEE DOE, M.D. rendered medical care to plaintiff MABEL VASQUEZ.

18. That at all times herein mentioned, defendant THERESA WANG, CNM rendered medical care to the infant plaintiff E.C.

19. That at all times herein mentioned, defendant THERESA WANG, CNM rendered medical care to plaintiff MABEL VASQUEZ.

20. That at all times herein mentioned, defendant AMANDA CARELLO, RN rendered medical care to the infant plaintiff E.C.

21. That at all times herein mentioned, defendant AMANDA CARELLO, RN rendered medical care to plaintiff MABEL VASQUEZ.

22. That at all times herein mentioned, defendant SHIRAH SUERO, RN rendered medical care to the infant plaintiff E.C.

23. That at all times herein mentioned, defendant SHIRAH SUERO, RN rendered medical care to plaintiff MABEL VASQUEZ.

24. That on or about September 17, 2021 through September 19, 2021 and thereafter, the defendants, their agents, servants and/or employees rendered medical and nursing services to the infant plaintiff.

25. That on or about September 17, 2021 through September 19, 2021 and thereafter, the defendants, their agents, servants and/or employees rendered medical and nursing services to the adult plaintiff.

26. That at all times herein mentioned, the medical and nursing services rendered by the defendants, their agents, servant and/or employees were negligent and constituted medical and nursing malpractice in that the defendants failed to properly diagnose, manage, and/or treat the infant plaintiff and his mother during pregnancy, labor and delivery.

27. Defendant NEW YORK PRESBYTERIAN HUDSON VALLEY HOSPITAL is vicariously liable for the co-defendants named herein.

28. Defendant NEW YORK PRESBYTERIAN HUDSON VALLEY HOSPITAL is vicariously liable for those persons who rendered medical and/or nursing care to the infant plaintiff while he was a patient at NEW YORK PRESBYTERIAN HUDSON VALLEY HOSPITAL.

29. Defendant NEW YORK PRESBYTERIAN HUDSON VALLEY HOSPITAL is vicariously liable for those persons who rendered medical and/or nursing care to the adult plaintiff while she was a patient at NEW YORK PRESBYTERIAN HUDSON VALLEY HOSPITAL.

30. Defendant SUN RIVER HEALTH is vicariously liable for the co-defendants named herein.

31. Defendant SUN RIVER HEALTH is vicariously liable for those persons who rendered medical and/or nursing care to the infant plaintiff while he was a patient at SUN RIVER HEALTH.

32. Defendant SUN RIVER HEALTH is vicariously liable for those persons who rendered medical and/or nursing care to the adult plaintiff while she was a patient at SUN RIVER HEALTH

33. As a result of the foregoing, the infant plaintiff has been severely damaged, both psychologically and physically.

34. As a result of the foregoing, the adult plaintiff has been severely damaged, both psychologically and physically.

## AS AND FOR A SECOND CAUSE OF ACTION

35. Plaintiff begs to repeat and reallege each and every allegation heretofore set forth in the first cause of action with the same force and effect as if set forth herein at length.

36. A reasonably prudent person in the plaintiff's position would not have undergone the diagnosis or treatment if he/she had been fully informed of the risks, hazards, and complications of the diagnosis and treatment rendered by the defendants and the alternatives thereto.

37. That the lack of informed consent is a proximate cause of the injuries or conditions for which recovery is sought herein.

## AS AND FOR A THIRD CAUSE OF ACTION

38. Plaintiffs repeat and reallege each and every allegation set forth above, all inclusive, with the same force and effect as if more fully set forth herewith.

39. That plaintiff MABEL VASQUEZ at all times did support and provide for the infant plaintiff E.C.

40. That by reason of the negligence the defendants, their agents, servants and employees as aforesaid and the injuries resulting to said infant E.C., plaintiff has caused to incur and expend and still continues to expend and incur monies for medical treatment, care and attend in her endeavor to cure her child of the injuries as aforesaid; that this plaintiff is informed and believes that her child will continue to suffer pain and inconvenience in the future and because of the injuries it will make it necessary to incur and expend money for similar purposes in the future and that this plaintiff will be deprived of the comfort, companionship and services of said infant all to her damage in an amount in excess of all lower courts which would otherwise have jurisdiction over the subject matter.

WHEREFORE, Plaintiff demands judgment on the first cause of action and on the second cause of action and on the third cause of action each on the amount in excess of the jurisdictional limits of all lower courts which would otherwise have jurisdiction over the subject matter herein, together with the costs and disbursements of this action.

Dated: New York, New York
March 14, 2024

Yours, etc.,

*Michael B. Ronemus*
Michael B. Ronemus
RONEMUS & VILENSKY
Attorneys for Plaintiff(s)
112 Madison Avenue, 2nd Floor
New York, New York 10016
(212) 779-7070

STATE OF NEW YORK, COUNTY OF NEW YORK ss:

I, the undersigned, an attorney admitted to practice in the Courts of New York State, state under penalty of perjury that I am one of the attorneys for the plaintiff(s) in the within action; I have read the foregoing **VERIFIED COMPLAINT** and know the contents thereof; the same is true to my own knowledge, except as to the matters I believe to be true. The reason this verification is made by me and not by my client(s), is that my client(s) are not presently in the County where I maintain my offices. The grounds of my belief as to all matters not stated upon my own knowledge are the materials in my file and the investigation conducted by my office.

Dated: New York, New York
       March 14, 2024

*Michael B. Ronemus*
Michael B. Ronemus