UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X

E.C., et al.,

                                    Plaintiffs,

-against-

NY Presbyterian Hudson Valley Hospital, et. al.,

                                    Defendants.

-------------------------------------------------------------------

24-cv-05354-CS-VR

**ORDER**

**VICTORIA REZNIK, United States Magistrate Judge:**

At the April 2, 2026 discovery conference, Plaintiffs argued that

Defendant New York Presbyterian Hudson Valley Hospital had failed to

produce documents responsive to Demand #1, which seeks communications

between medical providers and/or hospital staff involved in Plaintiff's delivery.

(ECF 04/02/2026; ECF No. 91 at 1, 4–5). Defendant-hospital responded that it

had searched for these communications and that none existed beyond those

already produced. (ECF No. 98).

The Court then directed Defendant-hospital to submit, by April 16, 2026,

an affidavit from a person with personal knowledge describing the searches

conducted and the basis for Defendant-hospital's representation that no

additional materials responsive to Demand #1 exist. (ECF 04/02/2026). When

Defendant-hospital missed that deadline, the Court extended it to April 20,

2026. (ECF No. 99). After Defendant-hospital again failed to submit the

1

affidavit, or any explanation for its failure to do so, the Court issued an Order to Show Cause on April 22, 2026, directing Defendant-hospital to show cause, by letter, why sanctions should not issue under Rule 37 of the Federal Rules of Civil Procedure for failure to comply with the Court's order. (ECF No. 100).

Since then, Defendant-hospital has submitted three affidavits – one on April 27, 2026, (ECF No 102-1), and two others on May 5, 2026, (ECF Nos. 106–07). The first affidavit states that Defendant-hospital searched its email system and found no responsive communications. (ECF No. 102-1). The second affidavit states that, at the relevant time, the inter-hospital communication system had no platform or capacity for providers to communicate with one another. (ECF No. 106). The third affidavit states that a search of the archived database for that now-discontinued system revealed no additional responsive communications. (ECF No. 107). The Court thus finds that Defendant-hospital has complied with the Court's order to provide an affidavit from someone with personal knowledge describing the searches conducted and the basis for its representation that no additional materials responsive to Demand #1 exist. This resolves the Order to Show Cause. But this ruling does not address any alleged deficiencies in those searches that Plaintiffs may later raise.

Separately, the Court has received the parties' letters on the status of discovery. (ECF Nos. 104, 105). The parties are directed to meet and confer in good faith to narrow the discovery issues, consistent with the Court's prior directives. (ECF 04/02/2026). By May 21, 2026, the parties are directed to submit a joint letter,

2

not exceeding five pages, setting out their respective positions on any remaining discovery disputes.

**SO ORDERED.**

DATED:  White Plains, New York
         May 7, 2026

_____
VICTORIA REZNIK
United States Magistrate Judge