UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------------------X

E.C., an infant by his mother and natural guardian
MABEL VASQUEZ, and MABEL VASQUEZ,
individually,

                              Plaintiffs,

           -against-

NEW YORK PRESBYTERIAN HUDSON VALLEY
HOSPITAL, SAMFEE DOE, M.D., THERESA
WANG, CNM, AMANDA CARELLO, RN, SHIRAH
SUERO, RN, and SUN RIVER HEALTH,

                         Defendants.

-------------------------------------------------------------------X

**CONFIDENTIALITY
AGREEMENT AND
PROTECTIVE ORDER**

Index No.: 7:24-cv-05354-CS

**WHEREAS**, the parties having agreed to the following terms of confidentiality, and the Court having found that good cause exists for the issuance of an appropriately tailored confidentiality order pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, it is hereby:

ORDERED that the following restrictions and procedures shall apply to the information and documents produced by the parties and any non-party in connection with the pre-trial phase of this action:

1. This Confidentiality Agreement and Protective Order ("Stipulation") shall govern the production and use of the non-party protected health information ("PHI") to be disclosed in this case. It is understood and agreed that this Order's confidentiality obligations and protections shall apply throughout the discovery process and any trials and appeals.

2. The Confidential Information disclosed will be held and used by the person receiving such information solely for use in connection with the action.

3. Documents designated as "CONFIDENTIAL" shall not be disclosed to any person, except:

a. Parties to this litigation, including, where applicable, their officers, directors, employees, partners, corporate parent, subsidiaries, or affiliates, and counsel, including in-house counsel and corporate affiliate in-house counsel;

b. Employees of such counsel assigned to and necessary to assist in the litigation;

c. Consultants or experts assisting in the prosecution or defense of the matter, to the extent deemed necessary by counsel; and

d. The Court (including the mediator, or other person having access to any Confidential Information by virtue of his or her position with the Court).

4. No person or entity to whom the non-party PHI is disclosed shall disclose such material or the contents of such material to any person or entity to whom/which disclosure is not authorized by the terms hereof or use such non-party PHI for any purpose other than as set forth in Section 3.

5. Counsel for each Party shall take reasonable precautions to prevent the unauthorized or inadvertent disclosure of any non-party PHI.

6. In the event the Party, Parties, and/or counsel to whom the non-party PHI was produced unintentionally discloses non-party PHI, counsel will take all steps to rectify such disclosure. In the event of any unauthorized disclosure of the non-party PHI, the Party who produced the material shall be entitled to injunctive relief (without the requirement of any bond) from the Court for the purpose of restraining an actual or threatened breach of the provisions of this Stipulation, in addition to any other relief to which such Party may be entitled in law or in equity.

7. Pursuant to Federal Rule of Evidence 502, the production of privileged or protected documents or communications, electronically stored information ("ESI"), or

2

information, whether inadvertent or otherwise, shall not constitute a waiver of the privilege or protection from discovery in this case or in any other federal or state proceeding. This Order shall be interpreted to provide the maximum protection allowed by Federal Rule of evidence 502(d).

8. The non-party patient information provided in discovery shall not be filed electronically on PACER or any other electronic system.

9. At the conclusion of litigation, Confidential Information and any copies thereof shall be promptly (and in no event later than 30 days after entry of final judgment no longer subject to further appeal) destroyed.

10. The provisions of this Stipulation shall, absent written permission of the Producing Party or order of the Court, continue to be binding after the conclusion of this action.

11. This Stipulation may be executed in a number of counterparts, all of which, when taken together, shall constitute one instrument. Signatures may be transmitted by facsimile and facsimile signatures shall be acceptable as originals for all purposes.

Dated: New York, New York
June 23, 2026


By: _____

Shannon L. Stewart, Esq.
MARTIN CLEARWATER & BELL LLP
Attorneys for Defendants, NEW YORK
PRESBYTERIAN HOSPITAL, and
AMANDA CARELLO, RN.
220 East 42nd Street, 13th FL
New York, NY, 10017
Shannon.stewart@mcblaw.com


By: _____

Michael Ronemus, Esq, Victorio Ronemus
RONEMUS & VILENSKY
Attorneys for Plaintiffs
112 Madison Avenue, 2nd FL
New York, NY, 10016
Mike.ronemus@ronvil.com


By: _____

Ilan Stein
Assistant United States Attorney
UNITED STATES ATTORNEY'S OFFICE
Attorney for Defendant United States of America
86 Chambers Street, 3rd FL
New York, NY, 10007
Ilan.Stein@usdoj.gov


SO ORDERED.                              Date: June 24, 2026

Hon. Victoria Reznik, U.S.M.J.

4